DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Genevieve Goldner, et al., | ) | |
| | ) | CASE NO. 5:09 CV 1244 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION AND |
| JPMorgan Chase Bank, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a diversity case in which the Plaintiffs, Genevieve Goldner and Douglas A. Goldner, challenge the manner in which a state court judgment of foreclosure was executed. Defendants are JPMorgan Chase Bank ("Chase Bank" or "Chase"), Homecomings Financial ("Homecomings"), and Republic Services of Ohio Hauling, LLC ("Republic Hauling"). The Amended Complaint (ECF 20) contains four counts: "willful, malicious and wrongful enforcement and execution of judgment" against Chase and Homecomings (First Count); conversion of personal property against Chase, Homecomings and Republic Hauling (Second Count); trespass against Chase, Homecomings and Republic Hauling (Third Count); and negligence against Chase and Homecomings (Fourth Count).

Presently before the Court are two motions to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. Defendant Republic Hauling has moved to dismiss the case in its entirety as it relates to Republic Hauling (*i.e.,* to dismiss the Second and Third Counts). ECF 26. Defendant Chase Bank has moved to dismiss Counts One, Three and Four only. ECF 25. The Court notes that the defendant Homecomings was served on September 21, 2009 and has not yet appeared. *See* ECF

(5:09 CV 1244)

28. For the reasons that follow, the Court will sustain Chase Bank's motion to dismiss (ECF 25) as it relates to the First Count ("wrongful execution") and will otherwise deny the motion; the Court will deny Republic Hauling's motion to dismiss (ECF 26); and Plaintiffs shall have until Friday, November 20, 2009 either to apply to the Clerk for an entry of default against the defendant Homecomings or to show cause why Homecomings should not be dismissed for want of prosecution.

## I.  FACTS

A.     Procedural History:

The present case was re-filed this past May following the June 3, 2008 voluntary dismissal of a related case (No. 1:07 CV 3850) which the defendant Homecomings, alleging diversity jurisdiction, had removed to this Court from the Cuyahoga County, Ohio Common Pleas Court.  The voluntary dismissal in the earlier case (1:07 CV 3850) was filed before the defendant Republic had been served.  In the present case, the docket reflects that all three Defendants have been served.  Two of the defendants, Chase Bank and Republic Hauling, have filed separate motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  ECF 25 and 26.[1]  Plaintiffs have responded to both motions (ECF 27), and the moving Defendants have replied.  ECF 30 and 31.  The docket reflects that Defendant Homecomings was served on September 21, 2009 but has not yet appeared despite that its Answer due date was October 12, 2009.  *See* ECF 28.

---

[1] Chase Bank's motion (ECF 25) is limited to Counts One, Three and Four of the Amended Complaint.

2

(5:09 CV 1244)

B.    Factual Allegations:

Following is a summary of the relevant facts as alleged in the Amended Complaint and as garnered from public records of which the Court takes judicial notice.[2]

Plaintiffs allege that on or after July 30, 2003, the defendants Chase and Homecomings "took over as mortgagee on a mortgage plaintiffs had previously given for real estate located at 11311 Snow Road, Parma Heights, Ohio." ECF 20 (Amended Complaint) at ¶ 5. On August 25, 2004, Chase Bank's alleged predecessor in interest filed a foreclosure action in the Court of Common Pleas of Cuyahoga County, Ohio, Case No. CV-04-539793. Named as defendants in that action were Douglas A. Goldner and Genevieve Goldner, owners of the subject real property. A decree of foreclosure was issued on June 29, 2006; and on October 10, 2006, a Sheriff's Sale was conducted at which Chase Bank was the highest bidder for the property.

On November 6, 2006, the court filed a journal entry confirming the sale of the property to Chase Bank. The entry stated in its entirety as follows:

DECREE OF CONFIRMATION

THE SHERIFF HAVING SOLD THE PROPERTY DESCRIBED IN THE ORDER OF SALE ISSUED TO HIM, THE COURT BEING SATISFIED OF THE LEGALITY OF THE SALE AND THAT THE NOTICE OF THE SALE WAS IN ALL RESPECTS IN CONFORMITY TO LAW, APPROVES AND CONFIRMS THE SAME AND DIRECTS THE SHERIFF TO EXECUTE AND DELIVER TO JP MORGAN CHASE BANK AS TRUSTEE A GOOD AND SUFFICIENT DEED THEREOF. ***WRIT OF POSSESSION AGAINST ALL PARTY DEFENDANTS ORDERED ISSUED TO PURCHASER.***

Case No. CV-04-539793, 11/06/2006 Journal Entry (emphasis added).

---

[2] *See Lyons v. Stovall,* 188 F.3d 327, 333 (6th Cir. 1999).

(5:09 CV 1244)

Plaintiffs allege that Chase Bank never obtained the writ of possession because it failed to file the requisite praecipe and pay the $60.00 filing fee. Plaintiffs allege that, instead of obtaining the writ, Chase Bank and Homecomings hired the defendant Republic Hauling, a waste management company, to evict Plaintiffs from the premises where Genevieve Goldner had lived for 39 years. Chase Bank and Homecomings also allegedly contacted the Parma Heights Police and the Parma Heights Public Service Department to assist them in this process.[3] ECF 20 at ¶¶ 9-10.

Plaintiffs allege that on November 13, 2006, the Parma Heights Public Service Department posted a notice at the premises giving Plaintiffs until November 17, 2006 to "clean up the premises."[4] However, on the same day the notice was posted (November 13th) Defendants allegedly entered upon the property and caused many of Plaintiffs' personal belongings to be thrown into a dumpster and into the backyard. Plaintiffs allege that when Mrs. Goldner arrived the next morning (November 14th), the locks had been changed; that she was told (with the use of an obscenity) to leave the premises or be arrested; and that she was also told "Don't come back or you'll go to jail." ECF 20 at ¶¶ 12-14.

Plaintiffs allege that on December 4, 2006, Mrs. Goldner made arrangements with Chase Bank and/or Homecomings whereby she would have two hours to retrieve the rest of her belongings; but that after she was at the premises for only one hour, she signed a paper giving up

---

[3] The City of Parma Heights is not a defendant in the present case.

[4] Plaintiffs allege that they had started to transport their personal belongings from the property on November 4, 2006, but that as of November 13, 2006, they had not finished doing so, and many items of their furniture, appliances, household goods, clothing and personal effects still remained there. ECF 20 at ¶ 11.

4

(5:09 CV 1244)

the rest of her possessions after being told that, unless she signed the paper, the police would be called and she could go to jail.  ECF 20 at ¶ 15.  For each of the four Counts of the Amended Complaint, Plaintiffs pray for damages exceeding $25,000.00.

The Sheriff's Deed transferring title to Defendant Chase Bank was recorded on January 25, 2007.

## II.  LAW AND ANALYSIS

A.  <u>Standard of Review</u>:

When considering a Rule 12(b)(6) motion to dismiss, the Court must assume the truth of all factual allegations set forth in the complaint and must construe the complaint in the light most favorable to the plaintiff; and a well pleaded complaint may proceed even if it strikes the Court that actual proof of those facts is improbable and that a recovery is very remote and unlikely.  Rule 12(b)(6), Fed. R. Civ. P.  As a general rule, Rule 8(a)(2), Fed. R. Civ. P., requires only a short and plain statement showing that the pleader is entitled to relief; thus specific facts are not necessary so long as the statement gives the defendant fair notice of what the claim is and the grounds upon which it rests.  *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (*citing Erickson v. Pardus,* 551 U.S. 89 (2007) and *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007)).  However, while the complaint does not need detailed factual allegations to survive a motion to dismiss, a plaintiff is obliged to provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  The factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact; and to survive a motion to dismiss,

5

(5:09 CV 1244)

the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, meaning that it must be sufficient to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). While this "plausibility" standard is not akin to a probability requirement, it does require more than the sheer possibility that a defendant has acted unlawfully. *Id.* Applying the standards as set forth above, the Court will now consider the Defendants' motions.

B.  Substantive Law Applicable to the Present Case:

In the First Count of the Amended Complaint, Plaintiffs allege a claim for "willful, malicious and wrongful enforcement and execution of judgment" against the defendants Chase Bank and Homecomings. Chase Bank has moved to dismiss the First Count on the grounds that (1) Ohio does not recognize such a claim; and (2) under the *Rooker-Feldman* abstention doctrine,[5] the claim is barred because it is a collateral attack on the state court's foreclosure judgment. Plaintiffs respond that they are not attacking the state court judgment but instead are challenging the manner in which the judgment was enforced and executed.

The Court finds that *Rooker-Feldman* abstention does not apply since Plaintiffs are not attacking the state court judgment itself. *See Givens v. Homecomings Financial,* 278 Fed. Appx. 607, 609 (6th Cir. 2008) (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005)). However, the Court concludes that Ohio does not recognize a separate and distinct cause of action for "wrongful enforcement of judgment." Rather, the wrongful

---

[5] *See D.C. Ct. of App. V. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416 (1923).

6

(5:09 CV 1244)

enforcement of a judgment simply forms the factual basis for a cause of action in, for example, trespass, conversion or replevin. *See Columbus Finance, Inc. v. Howard,* 42 Ohio St. 2d 178, 183 (1975); and *see generally,* 40 Ohio Jurisprudence 3d, Enforcement of Judgments, §§ 369-379 (2008). The Court will accordingly sustain Chase Bank's motion to dismiss the First Count of the Amended Complaint.

The Second and Third Counts (for conversion and trespass respectively) can be addressed together. Both counts are alleged against all three Defendants. Chase Bank has moved to dismiss the trespass count but not the conversion count. Republic Hauling has moved to dismiss both counts.

Chase Bank essentially asserts there could be no trespass since the real property at issue had already been sold to Chase in the foreclosure action. Republic Hauling asserts that it cannot be liable for either trespass or conversion because it acted under a facially valid court order and merely as an agent for Chase Bank. Republic Hauling further states that it cannot be held liable for the allegedly wrongful acts of its principal since Plaintiffs have not advanced any "facts or theory of independent misfeasance or positive wrong" on the part of Republic Hauling. *See* ECF 31 at p. 3, fn. 5.

The Court disagrees. As to Chase Bank's position, the fact that the subject property had been "sold" to Chase is not dispositive. The paperwork before the Court demonstrates that the challenged events allegedly occurred in November and December of 2006, shortly after the common pleas court entered the journal entry confirming the sale to Chase Bank.[6] The Court has

---

[6] Since the Cuyahoga County Court of Common Pleas is a court of record, the Court may
(continued...)

7

(5:09 CV 1244)

retrieved the journal entry from the common pleas court's website. As noted earlier, the entry states in its entirety as follows:

DECREE OF CONFIRMATION

THE SHERIFF HAVING SOLD THE PROPERTY DESCRIBED IN THE ORDER OF SALE ISSUED TO HIM, THE COURT BEING SATISFIED OF THE LEGALITY OF THE SALE AND THAT THE NOTICE OF THE SALE WAS IN ALL RESPECTS IN CONFORMITY TO LAW, APPROVES AND CONFIRMS THE SAME AND DIRECTS THE SHERIFF TO EXECUTE AND DELIVER TO JP MORGAN CHASE BANK AS TRUSTEE A GOOD AND SUFFICIENT DEED THEREOF.  WRIT OF POSSESSION AGAINST ALL PARTY DEFENDANTS ORDERED ISSUED TO PURCHASER.

Journal Entry filed 11/03/2006, Case No. CV-04-539793.

      This journal entry (which is the entry upon which Defendants rely) on its face does not authorize Chase Bank to enter upon the sold premises.  It simply approves and confirms the sale, which is analogous to an ordinary seller accepting the offer of an ordinary buyer; and it then orders further actions to be taken to consummate the sale, to wit: it orders the County Sheriff to execute and deliver a deed and to issue a writ of possession to the purchaser Chase Bank.

      In the briefs supporting their motions to dismiss, Defendants do not claim that a writ of possession was issued.  Further, in Plaintiffs' Brief in Opposition to Defendants' motions, Plaintiffs have noted that "the Sheriff's Deed transferring title to Defendant Chase was not recorded until January 25, 2007, over a month after the events related in the [Amended] Complaint."  ECF 27 at p. 6.  The Court has checked the Cuyahoga County Recorder's website and finds that statement to be true.

---

[6](...continued)
take judicial notice of that court's proceedings.  *Lyons v. Stovall,* 188 F.3d 327, 333 (6th Cir. 1999).

(5:09 CV 1244)

As to Republic Hauling's argument that it is not liable because it relied upon a facially valid court order to enter upon the subject property, as set forth above the very order itself defeats that argument. Finally, as to Republic Hauling's agency law argument and its assertion that "Plaintiffs have advanced no facts or theory of independent misfeasance or positive wrong" on the part of Republic Hauling, the Court disagrees. Plaintiffs have alleged, among other things, that Republic Hauling entered upon the property and changed the locks before the expiration of the posted three-day-notice-to-vacate; that it caused Plaintiffs' personal belongings either to be thrown into a dumpster or strewn all over the yard; and that its employees told Mrs. Goldner she could go to jail if she did not sign a paper giving up the rest of her possessions at the premises. The Court finds as a matter of law that Plaintiffs have alleged facts demonstrating actionable misconduct on the part of Republic Hauling.

Turning to the Fourth Count (negligence), the basis of the claim is that Chase Bank and Homecomings negligently failed to pay a $60.00 filing fee and file a praecipe to obtain a writ of possession to allow the Sheriff (as opposed to a private hauler) to handle the removal of Plaintiffs from the premises. Plaintiffs allege that such negligence proximately caused the damages sustained (loss of personal property, mental anguish, etc.).

Chase Bank moves to dismiss on the grounds that Chase owed no legal duty to the Plaintiffs to follow the procedural requirements of the courts; that it was not foreseeable that its failure to do so would proximately cause the damages alleged; and that in any event the outcome would have been the same. However, as the Court understands the Plaintiffs' position, Chase Bank and Homecomings owed the Plaintiffs a legal duty to repossess the subject real property in

9

(5:09 CV 1244)

a manner consistent with established law.  The Court rejects the claim that Chase Bank and Homecomings owed no such duty to the Plaintiffs.  Further, the Court concurs with Plaintiffs' position that it was reasonably foreseeable that injury to the Goldners would result if Chase Bank repossessed the property in a manner contrary to law.

### III.  CONCLUSION

For the reasons set forth above, the Court rules as follows:

1. The Motion of Defendant JPMorgan Chase Bank, N.A. to Dismiss Counts One, Three, and Four of Plaintiffs' Amended Complaint (ECF 25) is sustained as to the First Count of the Amended Complaint ("wrongful enforcement and execution of judgment"); and is otherwise denied.

2. Defendant Republic Services of Ohio Hauling, LLC's Restated Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF 26) is denied.

3. With respect to the Defendant Homecomings Financial, Plaintiffs shall have until Friday, November 20, 2009 either to apply to the Clerk for an entry of default or to show cause why the Defendant Homecomings Financial should not be dismissed for want of prosecution.

4. The Court will conduct a Case Management Conference on Friday, December 4, 2009 at 12:00 Noon.  The Court will separately publish a Case Management Conference Scheduling Order.

IT IS SO ORDERED.

  November 6, 2009                     *s/ David D. Dowd, Jr.*
Date                                                  David D. Dowd, Jr.
                                                           U.S. District Judge